# UNITED STATES DISTRICT COURT
для
## Western District of Kentucky
## Louisville Division

| | |
|---|---|
| Christopher Cole <br>     *Plaintiff* <br><br> v. <br><br> Experian Information Solutions, Inc. <br>     *Defendant* <br> Serve: <br>     CT Corporation System <br>     306 W. Main Street <br>     Suite 512 <br>     Frankfort, KY 40601 | Case No. 3:16-CV-635-TBR |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### Introduction

1. This is an action by a consumer seeking damages and injunctive relief for himself and on behalf of all similarly situated Kentucky citizens for Defendant Experian Information Solutions, Inc.'s ("Experian") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Like many of his fellow Americans, Plaintiff Christopher Cole was hurt by the great economic recession that began in 2008. As a result of the economic crisis, Mr. Cole fell behind on some of his debts and defaulted on some of these, including a credit card debt to Chase Bank USA, N.A. ("Chase") and a medical debt to Norton Hospitals, Inc. ("Norton"). First Resolution Investment Corporation ("First Resolution"), successor in interest to Chase, and Norton sued Mr. Cole in state court in an attempt to collect the debts and obtained default judgments against him. Mr. Cole weathered the financial storm and was later able to pay off the judgments in full. First Resolution filed a notice of satisfaction of judgment in its case on September 15, 2016, and Norton filed a notice of satisfaction of judgment in its case on June 23, 2015.

3. Experian failed to update Mr. Cole's consumer credit report to reflect that the First Resolution and Norton judgments had been satisfied. As a result, Experian published inaccurate credit information concerning Mr. Cole and the First Resolution and Norton judgments. In particular, Experian incorrectly published that the First Resolution and Norton judgments were unsatisfied with positive balances still due.

4. As a result of the inaccurate credit information published by Experian, Mr. Cole was denied credit and had to pay more for credit than he would have had Experian published accurate information about him and the First Resolution and Norton judgments.

5. Upon information and belief, Experian uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer reports that it furnishes to users of its consumer reports. But Experian does not follow similar systematic procedures to gather information from the same courts when civil judgments are satisfied, vacated, or appealed. Experian's failure to use the same care in updating information on judgments that it uses in initially gathering information about judgments results in materially false and inaccurate negative credit information concerning satisfied, vacated, or non-final judgments being published concerning numerous Kentucky consumers to users of Experian's consumer credit reports.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

7. Plaintiff Christopher Cole is a natural person who resides in Jefferson County, Ky. Mr. Cole is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

I. **Facts as to Christopher Cole**

9. As a result of the great economic recession of 2008, Mr. Cole suffered economic harm and loss through no fault of his own.

10. Mr. Cole's financial woes caused him to fall behind and default on some of his debts and obligations, including a credit card account with Chase Bank (USA), N.A. ("Chase") and a medical debt to Norton Hospitals, Inc. ("Norton").

11. Chase charged off Mr. Cole's account and assigned it to First Resolution Investment Corp. ("First Resolution"), who sued him on September 25, 2014 to collect the debt.

12. First Resolution later moved for and was granted a default judgment against Mr. Cole, which was entered of record on November 13, 2014.

13. Norton sued Mr. Cole on August 21, 2014 in order to collect the Norton debt.

14. Norton later moved for and was granted a default judgment against Mr. Cole, which was entered of record on December 31, 2014.

15. Mr. Cole paid off the First Resolution and Norton default judgments in full.

16. Norton filed a notice of satisfaction of record in the Norton case on June 23, 2015.

17. First Resolution filed a notice of satisfaction of record in the First Resolution case on September 15, 2016.

18. The filed notices of satisfaction in the First Resolution and Norton cases are public records that are freely and readily available to all.

19. On September 26, 2016, Mr. Cole obtained copies of his consumer credit report from Defendant, Experian Information Solutions, Inc. ("Experian").

20. Mr. Cole's September 26th consumer credit report from Experian inaccurately stated, in the section of the report devoted to information concerning public records, that both the First Resolution and Norton judgments remained unpaid and unsatisfied with positive amounts still due and owing.

21. Mr. Cole was denied credit and financing because of inaccurate credit information published by Experian in connection with the First Resolution and Norton judgments. In particular, Experian falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the First Resolution and Norton judgments were not satisfied and that a positive balance was still owed on each of the judgments.

22. Experian's reporting of the First Resolution and Norton judgments as unsatisfied was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b). Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Cole's credit reports and credit files each publishes and maintains concerning Mr. Cole. If Experian had reasonable procedures in place, Experian each would have discovered that First Resolution and Norton had filed a notice of satisfaction *before* publishing Mr. Cole's credit report to its subscribers and users of each's consumer reports in connection with Mr. Cole's loan and credit applications.

23. Experian failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Cole and the satisfied First Resolution and Norton judgments.

**II.    Further Factual Allegations**

24.    As a pattern and practice, Experian falsely and incorrectly published information to its subscribers and users of its consumer reports that judgments against numerous Kentucky consumers which had been satisfied or vacated were not satisfied and that a positive balance was still owed on each of the judgments.

25.    As a pattern and practice, Experian failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning satisfied or vacated judgments against numerous Kentucky consumers.

26.    As a pattern and practice, Experian has failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files it publishes regarding numerous Kentucky consumers.

## CLASS ALLEGATIONS

27.    Plaintiff Christopher Cole ("Cole") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

> **CLASS:** All Kentucky consumers regarding whom Defendant, Experian Information Solutions, Inc. ("Experian"), has, within two (2) years of the filing of the present complaint, falsely and incorrectly published information to its subscribers and users of its consumer reports that a judgment against the consumer that was satisfied, vacated, or non-final at the time Experian published the information remained unsatisfied, final, and/or with an outstanding balance due and owing.

28.    This action seeks actual damages and maximum statutory damages for Experian Information Solutions, Inc.'s violations of the FCRA for all members of the proposed classes; for injunctive relief against Experian Information Solutions, Inc. enjoining it from further violation of such federal law; for punitive damages pursuant to 15 U.S.C. § 1681n for Experian's willful conduct as alleged *supra*; and for an award of attorneys' fees and allowable court costs.

29.    The proposed Class as set out *supra* and so represented by Plaintiff Christopher Cole in this action, and of which he himself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

30.    Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

31.    There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Class have the same issues of law and fact in common:

    (a) Whether Experian had a duty of maximum possible accuracy pursuant to 15 U.S.C. § 1681e(b) with regard to the public records information it collected and published regarding Mr. Cole and members of the Class, and whether its conduct satisfied said duty under the FCRA;

    (b) Whether Experian maintained reasonable procedures designed to avoid violations of the FCRA in connection with publishing public records information concerning Mr. Cole and members of the Class.

32. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

33. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of the proposed Class.

34. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

35. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

36. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

37. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

38. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

39. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant.

40. Because many of the persons who comprise the proposed Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable

multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

I. Claims against Experian Information Solutions, Inc.

41. Plaintiff Christopher Cole restates each of the allegations in the preceding paragraphs as if fully set forth herein.

42. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Cole and members of the Class regarding judgments against Mr. Cole and members of the class which had been satisfied or vacated.

43. Experian's conduct, actions and inactions were willful, rendering Experian liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Experian was on clear notice that the failure to update public records with respect to judgments was problematic for Experian. Other lawsuits raising the same issue has been filed against Experian in this and other jurisdictions for the same failure.

44. In the alternative, Experian's conduct, actions and inactions were negligent rendering Experian liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Cole requests that the Court grant him the following relief:

1. Award the maximum amount of statutory damages for Mr. Cole and for members of the Class against Defendant under 15 U.S.C. §1681n;

2. Award Plaintiff and members of the Class actual damages against Defendant under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3. Grant Plaintiff and all members of the Class an injunction, enjoining Defendant from falsely and incorrectly publishing information that judgments against Plaintiff and members of the Class which had been satisfied, vacated, or were non-final were unsatisfied, final, and/or had a positive balance that remained due and owing;

4. Award Plaintiff and members of the Class punitive damages against Defendant for its willful violations of the FCRA as alleged *supra* pursuant to 15 U.S.C. § 1681n;

5. Award Plaintiff Attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

</div>